PETER R. BRAY ID NO. 002051973
BRAY & BRAY, L.L.C.
100 Misty Lane
Parsippany, New Jersey 07054-2710
Telephone No.: 973-739-9600/9696-Fax
Attorneys for Plaintiff
pbray@braynjlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER GARAVENTE AND CAROL GARAVENTE,<br>　　　　　Plaintiffs,<br>v.<br>VINE COMMUNITY,<br>　　　　　Defendant. | Civil Action No.<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiffs, by way of Complaint against the Defendant, say:

**The Parties**

1. Plaintiffs, ("Mr. and Mrs. Garavente") are husband and wife, who reside at 609 Newtown Road, Berwyn, Pennsylvania.

2., Defendant ("Vine") is a New Jersey Non-Profit Corporation with business offices at 35 West Maple Avenue, Merchantville, New Jersey 08109.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §1332 as there exists diversity of citizenship between the parties and the amount in controversy exclusive of interest and costs, exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the actions and conduct of Vine, which provides a predicate for these claims, occurred in this District.

**Background**.

5. Mr. and Mrs. Garavente have a severely disabled son ("Louis"), who is unable to independently live and care for himself.

6. In and during 2010, Mr. and Mrs. Garavente commenced making inquiry concerning support and living arrangements that could be established for Louis after he reached his 21st birthday on May 1, 2015.

7. Mr. and Mrs. Garavente were introduced to Friends of L'Arche New Jersey ("L'Arche NJ"), which was the original name of Vine.

8. L'Arche NJ was established in Camden County..

9. L'Arche NJ was an affiliate of an International Charitable Organization who supplied support and living arrangements for those with disabilities like Louis.

10. At the time, L'Arche NJ did not have, but was seeking to acquire, a home in Camden County to provide community housing for eligible persons.

11. Mr. and Mrs. Garavente met and discussed Louis' needs with L'Arche NJ's Chairman of the Board, Carl Mangeri, and several other Board Members

12. Mr. and Mrs. Garavente ultimately informed L'Arche NJ that they would donate funds to acquire a group home provided it was confirmed that Louis would be eligible to become a resident after his 21st birthday and provided he would be granted residency.

13. L'Arche NJ agreed, as a result of and in connection with the proposed conditional gift, to evaluate Louis.

14. In or about April, 2011, L'Arche NJ, by and through its Executive Director and Board Member, Mary Kate Kennedy, conducted the evaluation of Louis, which included a review of his IEP, her personal observation of Louis at the school he was attending, consultation

with Louis' teacher, and a review of Louis' school records from Watchung Hills Regional High School Department of Special Services.

15. L'Arche NJ thereafter confirmed Louis' suitability for living in a L'Arche NJ home, and anticipated his application for residence after reaching age 21.

16. In consideration and as a result of the above, Mr. and Mrs. Garavente made a gift of $250,000 to L'Arche NJ.

17. The aforesaid gift was made in May or June, 2011 with the intent and upon the proviso, and express condition, that a community home be established, where Louis would reside after his 21st birthday.

18. Mr. and Mrs. Garavente only made the said gift with the expressed intent it would be used to establish a community home where Louis would be able to reside after his 21st birthday.

19. L'Arche NJ was aware of, and willingly accepted, these said conditions.

20. In late 2012, Mr. and Mrs. Garavente received correspondence from Vine stating it was the successor to L'Arche, NJ and the beneficiary of the said gift. [A review of public records discloses that L'Arche NJ actually changed its name to Vine.]

21. The said correspondence stated that the community home had been acquired and was then being renovated.

## FIRST COUNT

22. Mr. and Mrs. Garavente repeat and incorporate by reference each of the allegations of Paragraphs 1 through 21 as if set forth herein at length.

23. At or about or shortly after Louis becoming eligible for residency at the community home, Mr. and Mrs. Garavente met with representatives of Vine to discuss making arrangements for Louis to become a resident.

24. At the said meeting, the representatives of Vine disclaimed any knowledge of the condition attached to the gift that Louis would be granted admission to live at the community home acquired and renovated with the gift.

25. After considerable delay and several conversations with the President and Chairman of Vine's Board of Directors, Mr. and Mrs. Garavente were informed that Vine would not honor the commitment and there was, in any event, no room at the community home for Louis.

26. As a result and consequence of the foregoing, Mr. and Mr. Garavente were forced to make alternate long-term living arrangements for Louis, which included selling their home in Morris County and relocating to Pennsylvania.

27. The aforesaid gift was conditional, as aforesaid, and Vine has wrongfully refused to abide by, honor, and perform in accordance with these conditions and in accordance with the fiduciary duties owed to Mr. and Mrs. Garavente.

28. Mr. and Mrs. Garavente, by reason of the foregoing, demanded the return of the $250,000 gift, which demand has been wrongfully rejected.

29. Mr. and Mrs. Garavente have been damaged as a direct and proximate result of the foregoing.

## SECOND COUNT

1. Mr. and Mrs. Garavente repeat and incorporate by reference the allegations of Paragraphs 1 to 29 of this Complaint as if same were set forth at length herein.

2. Vine's retention of the gift, under these circumstances, has conferred it with an unintended and unwarranted benefit.

3. As a consequence, Vine has been unjustly enriched to the damage and detriment of Mr. and Mrs. Garavente.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Mr.and Mrs. Garavente demand judgment against Vine for the following relief:

(a) Return and repayment of the gift;

(b) Interest;

(c) Costs of suit; and

(d) Such other relief as is just and equitable under the circumstances.

>
> BRAY & BRAY, LLC
> Attorneys for Plaintiffs,
> Christopher Garavente and Carol Garavente
>
> By: /s/ Peter R. Bray
>    PETER R. BRAY, ESQ.
>    Peter R. Bray Id No. 002051973
>    100 Misty Lane/Ivy Corporate Park
>    Parsippany, New Jersey 07054
>    973-739-9600
>    pbray@braynjlaw.com

Dated: December 20, 2017